# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Kimray, Inc., <br> an Oklahoma corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BelGAS, a Division of Marsh Bellofram, <br> a West Virginia corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> Case No. <u>CIV-17-675-F</u> |

## COMPLAINT

Plaintiff, Kimray, Inc. ("Kimray"), for its causes of action against Defendant BelGAS, a Division of Marsh Bellofram ("BelGAS"), alleges and states as follows:

## NATURE OF ACTION

1.      This is an action for injunctive relief and monetary damages arising out of BelGAS's trade dress infringement, unfair competition and deceptive and unfair trade practices.

## PARTIES, JURISDICTION & VENUE

2.      Kimray is an Oklahoma corporation having a principal place of business at 52 Northwest 42nd Street, Oklahoma City, Oklahoma 73116.

3.      Upon information and belief, BelGAS is a division of Marsh Bellofram, a West Virginia corporation having is principal place of business at 8019 Ohio River Blvd., Newell, WV 26050.

4.     The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and § 1338(a) because it arises under the Lanham Act, 15 U.S.C. §1052 *et. seq.* Jurisdiction over the state law causes of action are proper under 28 U.S.C. § 1338(b) and § 1367(a) because they are joined with substantial and related claims under the federal Lanham Act and/or are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     This Court has personal jurisdiction over BelGAS because maintaining this action in Oklahoma will not offend traditional notions of fair play and substantial justice and/or BelGAS has committed one or more tort(s) underlying this action in whole or in part within Oklahoma.

6.     Venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims and the actual harm to Kimray occurred in this District.

## FACTUAL BACKGROUND

7.     Kimray is an Oklahoma corporation that manufactures and sells a variety of oilfield products, including, without limitation, valves, regulators, controls, pumps, pilots and relays, and flow meters.

8.     Kimray has been manufacturing and selling oilfield products since at least as early as 1948, during which time Kimray has built an excellent reputation and is known in the industry as a manufacturer of high quality oilfield products.

9.      Since at least as early as 1950, Kimray has manufactured, advertised, and sold gas back pressure regulators ("Kimray's Gas Back Regulator(s)"), a true and correct copy of an image of which is attached as Exhibit 1.

10.     The configuration and visual design of Kimray's Gas Back Regulator is distinctive and non-functional trade dress and is the subject of the incontestable United States Trademark Registration No. 1,596,233 ("Kimray's Registered Trade Dress"), a true and correct copy of which is attached as Exhibit 2.

11.     Kimray sells its Gas Back Regulator under its Registered Trade Dress at retail locations throughout the United States, including locations in this District, as well as on its website at <<<kimray.com/products/browse/subitems/1>>>.

12.     Due to its distinctive appearance and extensive use by Kimray, Kimray's Registered Trade Dress is strong and well-recognized in the minds of consumers, oilfield personnel, service personnel and others in the industry as designating Kimray as the source of the products manufactured thereunder.

## BELGAS'S UNLAWFUL CONDUCT

13.     BelGAS provides products and services in the oil and gas industry that are in direct competition with Kimray's.

14.     Upon information and belief, BelGAS manufactures and sells a pressure regulator with a configuration virtually identical to Kimray's Registered Trade Dress (the "Infringing Product").  A true and correct copy of an image of the Infringing Product is attached as Exhibit 3.

15.     The visual design of the Infringing Product is identical and/or confusingly similar to Kimray's Registered Trade Dress.

16.     Upon information and belief, BelGAS and Kimray advertise and sell their respective regulator products to the same actual and/or prospective consumers.

17.     Upon information and belief, BelGAS's advertising and marketing of the Infringing Product targets, or will target, the same actual and/or prospective consumers as Kimray's advertising and marketing of Kimray's Gas Back Regulators.

18.     Upon information and belief, BelGAS and Kimray advertise and sell their respective regulator products in the same channels of trade.

19.     Contemporaneous advertising and marketing of the Infringing Product and Kimray's Gas Back Regulators is likely to cause confusion or mistake or deception by and among consumers as to the source of the parties' respective regulators.

20.     Upon information and belief, BelGAS chose the design of the Infringing Product to trade on the goodwill associated with Kimray's Registered Trade Dress.

21.     Upon information and belief, BelGAS did not manufacture or market the Infringing Product until after 1950.

22.     Upon information and belief, BelGAS advertises, offers to sell and has sold the Infringing Product to customers within the State of Oklahoma and this District.

23.     The Infringing Product is identical and/or confusingly similar to Kimray's Registered Trade Dress and is advertised in competition with Kimray's Gas Back Regulator to the same prospective customers as Kimray's, using the same channels of

trade utilized by Kimray, thereby violating Kimray's rights in Kimray's Registered Trade Dress.

24.     Upon information and belief, BelGAS began advertising and marketing the Infringing Product with knowledge of Kimray's Registered Trade Dress in a deliberate, willful and intentional attempt to trade upon the goodwill associated with Kimray's Registered Trade Dress.

## COUNT I
## TRADE DRESS INFRINGEMENT

25.     Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

26.     Kimray's Registered Trade Dress is a valid and protectable trade dress to which Kimray owns all right, title, and interest.

27.     Kimray's Registered Trade Dress is the subject of the incontestable U.S. Trademark Registration No. 1,596,233.

28.     BelGAS's design of the Infringing Product infringes on Kimray's rights in and to Kimray's Registered Trade Dress in violation of 15 U.S.C. § 1114.

29.     BelGAS's use of Kimray's Registered Trade Dress and/or the manufacturing, marketing, selling and advertising for sale of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to its source, origin and sponsorship, and to mislead the public into believing that BelGAS is affiliated, connected, and/or associated with Kimray, and/or that BelGAS's Infringing Product originates from, is sponsored by, is endorsed by, and/or is somehow approved by Kimray.

30.     BelGAS's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if BelGAS's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product provided by BelGAS, and any infringement by BelGAS constitutes an interference with Kimray's goodwill and customer relationships. As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting BelGAS from manufacturing, marketing, advertising and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

31.     As a result of BelGAS's unlawful conduct, and because of the likelihood of confusion engendered by the same, Kimray has been and will continue to be damaged in an amount to be determined at trial.  Kimray is entitled to an award of its damages, as well as BelGAS's profits, and, upon information and belief, BelGAS's actions are and have been in bad faith, willful and/or in conscious or reckless disregard of Kimray's rights, such that Kimray is entitled to exemplary damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT II
## UNFAIR COMPETITION

32.     Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

33.     BelGAS's advertising and marketing of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of the Infringing Product and to mislead the public into believing that

BelGAS and the Infringing Product are affiliated, connected, or associated with Kimray, and that the Infringing Product originates from, is sponsored by, is endorsed by, or is somehow approved by Kimray, all in violation of 15 U.S.C. § 1125(a).

34.    BelGAS's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if BelGAS's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by BelGAS constitutes an interference with Kimray's goodwill and customer relationships. As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting BelGAS from manufacturing, marketing, and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

35.    As a result of BelGAS's unlawful conduct, and because of the likelihood of confusion engendered by BelGAS, Kimray has been and will continue to be damaged in an amount to be determined at trial.  As a result of the foregoing, Kimray is entitled to an award of its damages, as well as BelGAS's profits, and, upon information and belief, BelGAS's actions are and have been in bad faith, willful and/or in conscious or reckless disregard of Kimray's rights, such that this is an exceptional case for which Kimray is entitled to exemplary damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT III
## <u>DECEPTIVE TRADE PRACTICES</u>

36.    Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

37.     BelGAS has, in the course of business, and through the above-described acts, violated the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 *et seq*.

38.     BelGAS's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if BelGAS's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by BelGAS constitutes an interference with Kimray's goodwill and customer relationships. As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting BelGAS from manufacturing, marketing, advertising and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

39.     As a result of BelGAS's unlawful conduct, Kimray has been and will continue to be damaged in an amount to be determined at trial.  As a result, Kimray is entitled to such damages, as well as BelGAS's profits.  Upon information and belief, BelGAS's unlawful acts have been intentional, knowing, willful, in bad faith and/or in conscious and reckless disregard for the rights of Kimray such that Kimray is entitled to exemplary damages and its attorneys' fees.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

40.     Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

41.     The foregoing acts of BelGAS permit BelGAS to benefit from the goodwill and reputation of Kimray and to obtain access to customers and sales from which BelGAS would not otherwise benefit.

42.     By using a design for the Infringing Product that is identical and/or confusingly similar to Kimray's Registered Trade Dress, BelGAS is unfairly competing with Kimray in violation of the common law of the State of Oklahoma.

43.     BelGAS's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if BelGAS's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by BelGAS constitutes an interference with Kimray's goodwill and customer relationships.   As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting BelGAS from manufacturing, marketing, advertising and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

44.     BelGAS's acts have caused and will continue to cause Kimray damage in an amount to be determined at trial, and Kimray is entitled to an award of its damages, as well as BelGAS's profits. Upon information and belief, BelGAS's unlawful acts have been intentional, knowing, willful, in bad faith and/or in conscious and reckless disregard for the rights of Kimray such that Kimray is entitled to exemplary damages.

## COUNT V
## COMMON LAW INFRINGEMENT

45.    Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

46.    This claim is brought under the common law of the State of Oklahoma for trade dress infringement.

47.    BelGAS, without authorization from Kimray, has used and continues to use a design for the Infringing Product, which is confusingly similar to Kimray's Registered Trade Dress.

48.    BelGAS's use of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of the Infringing Product and to mislead the public into believing that BelGAS and the Infringing Product are affiliated, connected, or associated with Kimray, and that the Infringing Product originates from, is sponsored by, is endorsed by, or is somehow approved by Kimray.

49.    BelGAS's activities have caused and will cause irreparable harm to Kimray for which Kimray has no remedy at law in that, if BelGAS's wrongful conduct continues, customers and others are likely to become further confused as to the source of the Infringing Product, and any infringement by BelGAS constitutes an interference with Kimray's goodwill and customer relationships.  As a result, Kimray is entitled to a preliminary and permanent injunction prohibiting BelGAS from manufacturing, marketing, and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

50.     As a result of BelGAS's unlawful conduct, and because of the likelihood of confusion engendered by BelGAS, Kimray has been and will continue to be damaged in an amount to be determined at trial and Kimray is entitled to an award of its damages, as well as BelGAS's profits.  Upon information and belief, BelGAS's unlawful acts have been intentional, knowing, willful, in bad faith and/or in conscious and reckless disregard for the rights of Kimray such that Kimray is entitled to exemplary damages.

## COUNT VI
## VIOLATION OF ANTI-COUNTERFEITING ACT

51.     Kimray re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

52.     Kimray's Registered Trade Dress constitutes protectable intellectual property under Oklahoma's Trademark Anti-Counterfeiting Act, 21 Okla. Stat. § 1990 *et seq.*

53.     BelGAS's aforementioned unpermitted use, reproduction and/or copying of Kimray's intellectual property constitutes a violation of Oklahoma's Trademark Anti-Counterfeiting Act.

54.     BelGAS's violation of Oklahoma's Trademark Anti-Counterfeiting Act has caused and will cause Kimray irreparable harm for which Kimray is entitled to a preliminary and permanent injunction prohibiting BelGAS from manufacturing, marketing, and selling the Infringing Product and any other product incorporating a design confusingly similar to Kimray's Registered Trade Dress.

55.     BelGAS's aforementioned acts have been willful and have caused and will cause Kimray to sustain injury, loss, and damage.  As a result, Kimray is entitled to its actual damages caused by BelGAS's violation of Oklahoma's Trademark Anti-Counterfeiting Act in an amount to be proven at trial, exemplary damages, the costs of suit, and an award of its attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Kimray requests the Court enter judgment in its favor as follows:

A.     Judgment be entered in favor of Kimray against BelGAS as to each of the above counts;

B.     BelGAS, its officers, agents, servants, employees, successors and assigns, and all persons acting in concert or participation with BelGAS, be preliminarily and permanently enjoined from manufacturing, marketing, and selling the Infringing Product and/or any other product using any design confusingly similar to Kimray's Registered Trade Dress in any form, as well as any and all other conduct which is likely to cause confusion or to cause a mistake or deceive as to affiliation, connection or association among BelGAS with Kimray and/or as to the origin, sponsorship or approval of BelGAS's products by Kimray;

C.     BelGAS be ordered to cease and desist all marketing and sales of the Infringing Product, whether online or otherwise, and to remove and deliver for destruction all signs, labels, displays, literature, recorded commercials, advertising or other material or tangible things in its possession or control, or its agents or employee's possession or control, that advertises or markets the Infringing Product;

D.     BelGAS be required to pay such damages as Kimray has sustained as a consequence of BelGAS's unlawful acts and pursuant to the claims set forth herein, including exemplary damages;

E.     BelGAS be required to pay Kimray's costs, expenses, and reasonable attorneys' fees in connection with this action; and

F.     Such other and further relief as this Court may deem appropriate and just.


Respectfully submitted,


/s/Anthony L. Rahhal
Anthony L. Rahhal, OBA #14799
Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:     (405) 235-0439
anthonyrahhal@mcafeetaft.com
zach.oubre@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF**


**JURY TRIAL DEMANDED**